IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01871-BNB

SHERWYN OATES,

    Plaintiff,

v.

MATTHEW PATELLA,
BRANDON BOOTH, and
KENNETH R. BUCK,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 9 2011

GREGORY C. LANGHAM
                CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Sherwyn Oates, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Oates has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. Mr. Oates also asserts statutory authority for a conspiracy claim pursuant to 42 U.S.C. § 1985. As relief he seeks damages, a declaration that his rights were violated, and a preliminary and permanent injunction to protect him from being further incarcerated or otherwise injured. For the reasons stated below, the action will be dismissed in part.

    The Court must construe the Prisoner Complaint liberally because Mr. Oates is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

The claims in this action arise out of a November 13, 2009 traffic stop in Greeley, Colorado, that resulted ultimately in Mr. Oates being arrested, tried, and convicted in the Weld County District Court. The named Defendants are Matthew Patella, the police officer who conducted the traffic stop; Brandon Booth, the public defender who represented Mr. Oates at his criminal trial; and Kenneth R. Buck, the district attorney responsible for prosecuting Mr. Oates.

Mr. Oates contends that he was a victim of racial profiling on November 13, 2009, when he was pulled over by Officer Patella on the pretense that Mr. Oates's vehicle had a headlight out. Mr. Oates further contends that he objected to being pulled over because he repeatedly had been subjected to racial profiling by members of the Greeley Police Department in the past. Mr. Oates asserts that Officer Patella became angry and that, during the course of their encounter, Officer Patella grabbed, pushed, choked, kneed, punched, elbowed, and tasered him. Mr. Oates concedes that he ultimately was convicted of assault against Officer Patella and sentenced to four years in prison. He specifically claims in this action that Officer Patella violated his Fourth Amendment rights by using excessive force on November 13, 2009. Mr. Oates also claims that Mr. Booth and Mr. Buck conspired with each other and with Officer Patella to violate his civil rights by denying him access to the dashboard camera videotape from Officer Patella's patrol car that would have demonstrated his innocence.

The Court finds that Mr. Oates' claims against Mr. Booth and Mr. Buck must be

dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. However, the rule in *Heck* is not limited solely to claims for damages asserted under § 1983. *See Lawson v. Engleman*, 67 F. App'x 524, 525-26 (10th Cir. 2003) (applying *Heck* to bar claims for declaratory and injunctive relief under § 1983 and 1985). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

There is no question that Mr. Oates' § 1983 and § 1985 claims against Mr. Booth and Mr. Buck regarding the dashboard camera videotape implicate the validity of his state court criminal conviction. Mr. Oates specifically argues that he was denied the opportunity to present the dashboard camera videotape evidence at his trial and that the dashboard camera videotape would have demonstrated his innocence. Furthermore, there is no indication that Mr. Oates has invalidated his assault conviction. Therefore, the Court finds that Mr. Oates' claims against Mr. Booth and Mr. Buck are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See*

*Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Finally, the Court notes that part of the relief Mr. Oates seeks is a preliminary and permanent injunction to protect him from being further incarcerated, which may be construed as a request to be released from custody. However, to the extent Mr. Oates may be seeking to be released from custody on the basis that his conviction is invalid, he must pursue such a claim in a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). If Mr. Oates wishes to pursue any habeas corpus claims in this Court, he must file a separate habeas corpus action naming a proper Respondent and he must use the proper habeas corpus application form. Mr. Oates is advised that, before he may seek habeas corpus relief in federal court, he must exhaust state court remedies for the federal claims he intends to raise. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief). Mr. Oates also is advised that any habeas corpus action he may wish to pursue is subject to a one-year limitation period. *See* 28 U.S.C. § 2244(d).

The Court will not address at this time the merits of Mr. Oates' excessive force claim against Officer Patella. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that all claims other than the excessive force claim against Matthew Patella are dismissed without prejudice for the reasons discussed in this order. It is

FURTHER ORDERED that Defendants Brandon Booth and Kenneth R. Buck are dismissed as parties to this action because all claims against them have been

dismissed. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __19th__ day of __September__, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01871-BNB

Sherwyn Oates
Prisoner No. 150996
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 19, 2011.

                               GREGORY C. LANGHAM, CLERK

By: _____
                 Deputy Clerk