IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01871-REB-KLM

SHERWYN OATES,

    Plaintiff,

v.

MATTHEW PATELLA,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Matthew Patella's Motion to Dismiss All Remaining Claims Pursuant to Fed.R.Crim.Pro. [sic] 12(b)(6)** [Docket No. 21; Filed October 17, 2011] (the "Motion"). The Motion is referred to this Court for recommendation. [#22]. Plaintiff has not timely filed a Response to the Motion. The Court has reviewed the Motion, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendant Patella's Motion be **GRANTED**.

### I. Summary of the Case

Plaintiff initiated this lawsuit *pro se* on July 19, 2011, pursuant to 42 U.S.C. § 1983 [#1]. On initial review, all claims and defendants other than the excessive force claim against Defendant Patella were dismissed [#12]. Plaintiff's claim of excessive force against Defendant Patella arises from an incident that occurred on November 13, 2009. *Compl.*,

[#1] at 3. Plaintiff asserts that Defendant, who is a police officer with the Greeley Police Department, conducted a traffic stop of Plaintiff, which resulted in Defendant allegedly grabbing, pushing, choking, kneeing, punching, elbowing, and using a taser on Plaintiff. *Id.* at 4. Plaintiff believes that this conduct constituted excessive force and violated his constitutional rights. *See id.* Plaintiff explains that he "was convicted of assault against Officer Matthew Patella, and sentenced to four (4) years incarceration." *Id.* at 3.

Defendant responded to Plaintiff's Complaint with the Motion at issue. Defendant argues that the single claim against him is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). [#21] at 6. Defendant contends that a judgment in favor of Plaintiff would imply the invalidity of Plaintiff's underlying conviction, because Plaintiff raised excessive force on the part of Defendant at the criminal trial, but the jury found that it was Plaintiff who committed an assault against Defendant. *Id.* at 6-7. Further, Defendant asserts the defense of qualified immunity, "because the force used by Officer Patella was objectively reasonable." *Id.* at 10.

Defendant included numerous exhibits with his Motion and requested the Court to take judicial notice of the exhibits. The Court instructed Defendant to supplement his Motion with a statement of legal authority in support of his request, which Defendant filed on October 26, 2011 [#26].

On November 15, 2011, the Court held a Preliminary Scheduling/ Status Conference [#27]. Plaintiff appeared by telephone at the conference. The Court directed Plaintiff to file a Response to the Motion on or before December 9, 2011. To date, Plaintiff has not submitted a Response, nor has he requested an extension of time in which to do so.

Dismissal of Plaintiff's case may be appropriate based on Plaintiff's failure to comply with the Court's establishment of a deadline for Plaintiff to file his Response. *See* Fed. R. Civ .P. 41(b). While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado's Civil Local Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See, e.g.*, D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond. *Persik v. Manpower, Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished decision). Given the judicial system's strong preference for resolving cases on their merits, the Court considers the Motion on its merits.

## II.  Standard of Review

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor

does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

As a preliminary matter, the Court declines to convert the Motion to a motion for summary judgment on the basis of the attached exhibits.  Generally, when matters outside the pleadings are presented, the motion must be converted to one for summary judgment and reviewed under the standard set forth in Fed. R. Civ .P. 56.  *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007).  "However, notwithstanding the usual rule ..., 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* at 1215 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that court must consider a complaint in its entirety, including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").  In addition, the Court may take judicial notice of its own files and records, as well as of facts which are a matter of public record.  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).  Here, Plaintiff failed to respond at all, let alone challenge the authenticity of the attached exhibits, which are court documents from his underlying state conviction.  The documents stand uncontroverted as matters of public record.  Thus, the Court accepts the exhibits to the Motion for its review in making this recommendation.  *See also Suppl.*, [#26] (stating legal authority for judicial notice of exhibits).

Defendant contends that Plaintiff cannot obtain monetary damages on his remaining claim in the absence of a judgment invalidating his conviction, relying on *Heck v. Humphrey*. [#21] at 6.  *Heck* involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest and ultimate

conviction. *Id.* at 479. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the Court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." *Heck*, 512 U.S. at 487.

"The starting point for the application of *Heck* . . . is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). Here, pursuant to the allegations in the Complaint, Plaintiff "was convicted of assault against Officer Matthew Patella." [#1] at 3. Defendant further attests that Plaintiff was charged and convicted of "Criminal Attempt to Commit Disarming a Peace Officer, Assault in the Second Degree on a Peace Officer, and Resisting Arrest." [#21] at 7 (citing to jury verdicts). Defendant explains that "[u]nder Colorado law, a police officer's use of 'excessive force' is an affirmative defense" to charges of Resisting Arrest and Assault in the Second Degree on a Peace Officer. *Id.* (citing *Adams v. Dyer*, 223 F. App'x 757, 761 (10th Cir. 2007) (citing Colo. Rev. Stat. § 18-

8-103(2))).

Plaintiff raised the affirmative defense of self-defense at his criminal trial. [#21-1]. The jury received an instruction on self-defense, and specifically as to the charge of Resisting Arrest, the jury was instructed that "they could not find that Officer Patella was acting 'under color of his official authority' as used in the elements of the crime . . . if they found that Officer Patella [resorted] 'to unreasonable or excessive force giving rise to the right of self-defense.'" [#21] at 7-8 (citing [#21-7] at 3). The jury convicted Plaintiff of the crime of Resisting Arrest; therefore, Defendant asserts that the jury clearly did not find that Defendant resorted to unreasonable or excessive force during the arrest that now gives rise to Plaintiff's lawsuit. *Id.* at 8. Defendant states that judgment in favor of Plaintiff as to his remaining claim would, in effect, overturn the finding of the jury as to excessive force. *Id.*

The Court agrees that Plaintiff's remaining claim is barred by *Heck*. Entry of judgment in favor of Plaintiff in this matter would negate the jury's conclusion that Defendant did not use unreasonable or excessive force during the underlying arrest. Such negation would then indicate that at the time of the arrest, Defendant was not acting under color of his official authority. Thus, the elements of the crime of Resisting Arrest [#21-4] would not be present, and the validity of the underlying conviction would necessarily be called into question. As Plaintiff failed to respond to the Motion at issue, no evidence indicating that the underlying convictions have been invalidated due to subsequent events has been presented. Based on the allegations in the Complaint and the court documents included with Defendant's Motion, the Court concludes that Plaintiff's remaining claim is

barred by *Heck*.[1]

## IV. Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that Defendant's Motion [#21] be **GRANTED**, and Plaintiff's remaining claim be **DISMISSED WITHOUT PREJUDICE**. *E.g., Dade v. Griffard*, No. 11-cv-03177-BNB, 2012 WL 27790, at *3, *4 (D. Colo. Jan. 5, 2012) (application of *Heck* results in dismissal without prejudice).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] As the Court concludes that Plaintiff's remaining claim is barred by *Heck*, the Court declines to additionally evaluate whether Defendant is entitled to qualified immunity and in turn, whether the remaining claim should be dismissed with prejudice. Without a Response from Plaintiff, and in light of the Court's obligation to *pro se* litigants in the context of a 12(b)(6) motion, the Court would have to accept as true Plaintiff's allegations that Defendant grabbed, pushed, choked, kneed, punched, elbowed, and used a taser against Plaintiff, which may support a plausible claim of excessive force. Thus, in its discretion, the Court recommends dismissal without prejudice based on *Heck*.

Dated: February 1, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge